MICHAEL FAILLACE & ASSOCIATES, P.C.
60 East 42nd Street, Suite 4510
New York, New York 10165
(212) 317-1200
*Attorneys for Plaintiff*

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
---------------------------------------------------------X
MARCOS RAMALES, *individually and on behalf of others similarly situated*,

                                          Plaintiff,

                    -against-

PEACE FOOD CAFE, INC., (d/b/a PEACE
FOOD CAFE), PETER LU and ERIC LU,

                                          *Defendants.*
---------------------------------------------------------X

**COLLECTIVE ACTION**
**UNDER 29 U.S.C. § 216(b)**

**ECF Case**

Plaintiff Marcos Ramales ("Plaintiff Ramales" or "Mr. Ramales"), individually and on behalf of others similarly situated, by and through his attorneys, Michael Faillace & Associates, P.C., upon information and belief, and as against each of Defendants PEACE FOOD CAFE, INC. (d/b/a Peace Food Cafe), ("Defendant Corporation"), Peter Lu ("individual defendant") and Eric Lu ("individual defendant"), (collectively, "Defendants"), alleges as follows:

**<u>NATURE OF ACTION</u>**

1.      Plaintiff Ramales is a former employee of Defendants PEACE FOOD CAFE, INC., (d/b/a Peace Food Cafe) Peter Lu and Eric Lu.

2.      Defendants own, operate, or control a diner located at 41 E. 11 St., New York, NY 10003.

3.      Upon information and belief, Defendants Peter Lu and Eric Lu, serve or served as owners, managers, principals and/or agents of Defendant Corporation, and through this corporate entity, operate or operated the restaurant as a joint or unified enterprise.

4.     Plaintiff Ramales is a former employee of Defendants, who was employed as a food preparer.

5.     At all times relevant to this Complaint, Plaintiff Ramales worked for Defendants in excess of 40 hours per week, without appropriate minimum wage, overtime, and spread of hours compensation for the hours that he worked.

6.     Rather, Defendants failed to maintain accurate recordkeeping of the hours worked and failed to pay Plaintiff Ramales appropriately for any hours worked, either at the straight rate of pay or for any additional overtime premium.

7.     Further, Defendants failed to pay Plaintiff Ramales the required "spread of hours" pay for any day in which he had to work over 10 hours a day.

8.     Furthermore, Defendants repeatedly failed to pay Plaintiff Ramales wages on a timely basis.

9.     Defendants' conduct extended beyond Plaintiff Ramales to all other similarly situated employees.

10.     At all times relevant to this Complaint, Defendants maintained a policy and practice of requiring Plaintiff Ramales and other employees to work in excess of forty (40) hours per week without providing them the minimum wage and overtime compensation required by federal and state law and regulations.

11.     Plaintiff Ramales now brings this action on behalf of himself, and other similarly situated individuals, for unpaid minimum and overtime wages pursuant to the Fair Labor Standards Act of 1938, 29 U.S.C. § 201 *et seq*. ("FLSA"), the New York Labor Law ("NYLL") §§190 and 650 *et seq*., and "overtime wage order" respectively codified at N.Y.C.R.R. Tit. 12 §§ 142-2.2, 2.4), and the "spread of hours" and overtime wage orders of the New York

Commissioner of Labor codified at N.Y. COMP. CODES R. & REGS. tit. 12, § 146-1.6 (herein the "Spread of Hours Wage Order"), including applicable liquidated damages, interest, attorneys' fees, and costs.

12.     Plaintiff Ramales seeks certification of this action as a collective action on behalf of himself, individually, and all other similarly situated employees and former employees of Defendants pursuant to 29 U.S.C. § 216(b).

## JURISDICTION AND VENUE

13.     This Court has subject matter jurisdiction pursuant to 29 U.S.C. § 216(b) (FLSA), 28 U.S.C. § 1531 (interstate commerce) and 28 U.S.C. § 1331 (federal question). Supplemental jurisdiction over Plaintiff Ramales's state law claims is conferred by 28 U.S.C. § 1367(a).

14.     Venue is proper in this district under 28 U.S.C. § 391(b) and (c) because all or a substantial part of the events or omissions giving rise to the claims occurred in this district, Defendants operate their businesses in this district, and Plaintiff Ramales was employed by Defendants in this district.

## PARTIES

*Plaintiff*

15.     Plaintiff Marcos Ramales ("Plaintiff Ramales") is an adult individual residing in New York County, New York. Plaintiff Ramales was employed by Defendants from approximately 2012 until on or about March 2020.

16.     Plaintiff Ramales consents to being a party plaintiff pursuant to 29 U.S.C. § 216(b), and brings these claims based upon the allegations herein as a representative party of a prospective class of similarly situated individuals under 29 U.S.C. § 216(b).

*Defendants*

17.     At all times relevant to this Complaint, Defendants owned, operated, and controlled a diner located at 41 E. 11 St., New York, NY 10003 under the name "Peace Food Cafe."

18.     Upon information and belief, PEACE FOOD CAFE, INC. (d/b/a Peace Food Café) is a corporation organized and existing under the laws of the State of New York. Upon information and belief, it maintains its principal place of business at 41 E. 11 St., New York, NY 10003.

19.     Defendant Peter Lu is an individual engaging (or who was engaged) in business within this judicial district during the relevant time period. Defendant Peer Lu is sued individually and in his capacity as an owner, officer and/or agent of Defendant Corporation. Defendant Peter Lu possesses or possessed operational control over Defendant Corporation, an ownership interest in Defendant Corporation and/or controlled significant functions of Defendant Corporation. Defendant Peter Lu determined the wages and compensation of the employees of Defendants, including Plaintiff Ramales, established the schedules of the employees, maintained employee records and had the authority to hire and fire employees.

20.     Defendant Eric Lu is an individual engaging (or who was engaged) in business within this judicial district during the relevant time period. Defendant Eric Lu is sued individually and in his capacity as an owner, officer and/or agent of Defendant Corporation. Defendant Eric Lu possesses or possessed operational control over Defendant Corporation, an ownership interest in Defendant Corporation and/or controlled significant functions of Defendant Corporation. Defendant Eric Lu determined the wages and compensation of the employees of

Defendants, including Plaintiff Ramales, established the schedules of the employees, maintained employee records and had the authority to hire and fire employees.

## FACTUAL ALLEGATIONS

*Defendants Constitute Joint Employers*

21.     Defendants operate a diner located in the East Village neighborhood of Manhattan in New York City.

22.      Individual Defendant Peter Lu, possesses or possessed operational control over Defendant Corporations, possesses or possessed an ownership interest in Defendant Corporations, and controls or controlled significant functions of Defendant Corporations.

23.     Individual Defendant Eric Lu, possesses or possessed operational control over Defendant Corporations, possesses or possessed an ownership interest in Defendant Corporations, and controls or controlled significant functions of Defendant Corporations.

24.     Defendants are associated and joint employers, act in the interest of each other with respect to employees, pay employees by the same method and share control over the employees.

25.     Each Defendant possessed substantial control over Plaintiff Ramales's (and other similarly situated employees') working conditions, and over the policies and practices with respect to the employment and compensation of Plaintiff Ramales, and all similarly situated individuals, referred to herein.

26.     Defendants jointly employed Plaintiff Ramales, and all similarly situated individuals, and were Plaintiff Ramales's (and all similarly situated individuals') employers within the meaning of 29 U.S.C. 201 *et seq*. and the NYLL.

27.     In the alternative, Defendants constituted a single employer of Plaintiff Ramales and/or similarly situated individuals.

28.     Upon information and belief, individual Defendants Peter Lu and Eric Lu operate Defendant Corporation as either an alter ego of themselves and/or fail to operate Defendant Corporation as a legal entity's separate and apart from themselves by, among other things:

    (a)    failing to adhere to the corporate formalities necessary to operate Defendant Corporation as a separate and legally distinct entity;

    (b)    defectively forming or maintaining Defendant Corporation by, among other things, failing to hold annual meetings or maintaining appropriate corporate records;

    (c)    transferring assets and debts freely as between all Defendants;

    (d)    operating Defendant Corporation for his own benefit as the sole or majority shareholder;

    (e)    operating Defendant Corporation for his own benefit and maintaining control over this corporation as a closed corporation or a closely controlled entity;

    (f)    intermingling assets and debts of his own with Defendant Corporation;

    (g)    diminishing and/or transferring assets of Defendant Corporation to protect his own interests; and

    (h)    other actions evincing a failure to adhere to the corporate form.

29.     At all relevant times, Defendants were Plaintiff Ramales's employers within the meaning of the FLSA and NYLL.

30.     Defendants had the power to hire and fire Plaintiff Ramales, control the terms and conditions of his employment, and determine the rate and method of any compensation in exchange for Plaintiff Ramales's services.

31.     In each year from 2015 to 2020, Defendants, both individually and jointly, had gross annual volume of sales of not less than $500,000 (exclusive of excise taxes at the retail level that are separately stated).

32.     In addition, upon information and belief, Defendants and/or their enterprises are directly engaged in interstate commerce. For example, numerous items that were sold in the diner on a daily basis, such as sodas and salmon, are produced outside of the State of New York.

*Individual Plaintiff*

33.     Plaintiff Ramales is a former employee of Defendants who was employed as a food preparer.

34.     Plaintiff Ramales seeks to represent a class of similarly situated individuals under 29 U.S.C. § 216(b).

*Plaintiff Marcos Ramales*

35.     Plaintiff Ramales was employed by Defendants from approximately 2012 until on or about March 2020.

41.     At all relevant times, Defendants employed Plaintiff Ramales as a food preparer.

42.     Plaintiff Ramales regularly handled goods in interstate commerce, such as cooking oil and food produced outside of the State of New York.

43.      Plaintiff Ramales's work duties required neither discretion nor independent judgment.

7

44.     Throughout his employment with Defendants, Plaintiff Ramales regularly worked in excess of 40 hours per week.

45.     From approximately June 2015 until on or about 2017, Plaintiff Ramales worked from approximately 10:00 a.m. until on or about 8:00 p.m. three days a week and from approximately 10:00 a.m. until on or about 8:30 p.m. three days a week (typically 61.5 hours per week).

46.     From approximately 2017 until on or about March 2020, Plaintiff Ramales worked from approximately 9:00 a.m. until on or about 5:30 p.m. three days a week and from approximately 9:00 a.m. until on or about 5:00 p.m. three days a week (typically 49.5 hours per week).

47.     Throughout his employment, Defendants paid Plaintiff Ramales's his wages by check.

48.     From approximately June 2015 until on or about 2017, Defendants paid Plaintiff Ramales a fixed salary of $580 per week.

49.     From approximately 2017 until on or about March 2020, Defendants paid Plaintiff Ramales a fixed salary of $730 per week.

50.     Plaintiff Ramales's pay did not vary even when he was required to stay later or work a longer day than his usual schedule.

51.     For example, Defendants required Plaintiff Ramales to work an additional 30 minutes past his scheduled departure time three days a week, and did not pay him for the additional time he worked.

52.    Plaintiff Ramales was not required to keep track of his time, nor to his knowledge, did the Defendants utilize any time tracking device, such as sign in sheets or punch cards, that accurately reflected his actual hours worked.

53.    Instead, Defendants required Plaintiff Ramales to sign a document, the contents of which he was not allowed to review in detail, in order to release his weekly pay.

54.    On a number of occasions, Defendants required Plaintiff Ramales to sign a document, the contents of which he was not allowed to review.

55.    Defendants never provided Plaintiff Ramales with an accurate statement of wages with each payment of wages, as required by NYLL 195(3).

56.    Defendants never provided Plaintiff Ramales with a written notice, in English and in Spanish (Plaintiff Ramales's primary language), of his rate of pay, employer's regular pay day, and such other information as required by NYLL §195(1).

57.    No notification, either in the form of posted notices or other means, was ever given to Plaintiff Ramales regarding overtime and wages under the FLSA and NYLL.

*Defendants' General Employment Practices*

58.    At all times relevant to this Complaint, Defendants maintained a policy and practice of requiring Plaintiff Ramales (and all similarly situated employees) to work in excess of 40 hours a week without paying him appropriate minimum wage, spread of hours pay, and overtime compensation as required by federal and state laws.

59.    Plaintiff Ramales was a victim of Defendants' common policy and practices which violate his rights under the FLSA and New York Labor Law by, *inter alia*, not paying him the wages he was owed for the hours he worked.

60.     Defendants' pay practices resulted in Plaintiff Ramales not receiving payment for all his hours worked, resulting in Plaintiff Ramales's effective rate of pay falling below the required minimum wage rate.

61.     Defendants habitually required Plaintiff Ramales, to work additional hours beyond his regular shifts, but never provided him with any additional compensation.

62.     Defendants paid Plaintiff Ramales's his wages by personal check.

63.     Defendants willfully disregarded and purposefully evaded recordkeeping requirements of the Fair Labor Standards Act and New York Labor Law by failing to maintain accurate and complete timesheets and payroll records.

64.     Defendants required Plaintiff Ramales to sign  a document the contents of which he was not allowed to review in order to receive his pay.

65.     Defendants failed to post required wage and hour posters in the restaurant, and did not provide their employees, including Plaintiff Ramales, with statutorily required wage and hour records or statements of their pay received, in part so as to hide Defendants' violations of the wage and hour laws, and to take advantage of their employees', including Plaintiff Ramales's, relative lack of sophistication in wage and hour laws.

66.     Upon information and belief, these practices by Defendants were done willfully to disguise the actual number of hours Plaintiff Ramales (and similarly situated individuals) worked, and to avoid paying Plaintiff Ramales properly for (1) his full hours worked, (2) the minimum wage, (3) his spread of hours pay and (4) for overtime due.

67.     Defendants failed to provide Plaintiff Ramales and other employees with wage statements at the time of each payment of wages containing: the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of

employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; net wages; the regular hourly rate or rates of pay; the overtime rate or rates of pay; the number of regular hours worked; and the number of overtime hours worked, as required by NYLL §195(3).

68.     Defendants failed to provide Plaintiff Ramales  and other employees, at the time of hiring and on or before February 1 of each subsequent year, a statement in English and the employees' primary language, containing: the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; and the telephone number of the employer, as required by New York Labor Law §195(1).

## **FLSA COLLECTIVE ACTION CLAIMS**

69.     Plaintiff Ramales brings his FLSA minimum wage, overtime compensation and liquidated damages claims as a collective action pursuant to FLSA Section 16(b), 29 U.S.C. § 216(b), on behalf of all similarly situated persons who are or were employed by Defendants, or any of them, on or after the date that is three years before the filing of the complaint in his case (the "FLSA Class Period"), as employees of Defendants (the "FLSA Class").

70.     At all relevant times, Plaintiff Ramales, and other members of the FLSA Class who are and/or were similarly situated, had substantially similar job requirements and pay

provisions, and were subject to Defendants' common practices, policies, programs, procedures, protocols and plans of willfully failing and refusing to pay them the required minimum wage, overtime pay at one and one-half times his regular rates for work in excess of forty (40) hours per workweek under the FLSA and willfully failing to keep records required by the FLSA.

71.     The claims of Plaintiff Ramales stated herein are similar to those of the other employees.

### FIRST CAUSE OF ACTION

### VIOLATION OF THE FLSA MINIMUM WAGE PROVISIONS

72.     Plaintiff Ramales repeats and realleges all paragraphs above as though fully set forth herein.

73.     At all times relevant to this action, Defendants were Plaintiff Ramales's employers (and employers of the putative FLSA Class members) within the meaning of the Fair Labor Standards Act.  29 U.S.C. § 203(d).  Defendants had the power to hire and fire Plaintiff Ramales (and the FLSA class members), controlled the terms and conditions of employment, and determined the rate and method of any compensation in exchange for their employment.

74.     At all times relevant to this action, Defendants engaged in commerce or in an industry or activity affecting commerce.

75.     Defendants constitute an enterprise within the meaning of the Fair Labor Standards Act.  29 U.S.C. § 203 (r-s).

76.     Defendants failed to pay Plaintiff Ramales (and the FLSA Class members) at the applicable minimum hourly rate, in violation of 29 U.S.C. § 206(a).

77.     Defendants' failure to pay Plaintiff Ramales (and the FLSA Class members) at the applicable minimum hourly rate was willful within the meaning of 29 U.S.C. § 255(a).

78.     Plaintiff Ramales (and the FLSA Class members) were damaged in an amount to be determined at trial.

## SECOND CAUSE OF ACTION

### VIOLATION OF THE FLSA OVERTIME PROVISIONS

79.     Plaintiff Ramales repeats and realleges all paragraphs above as though fully set forth herein.

80.     At all times relevant to this action, Defendants were Plaintiff Ramales's employers (and employers of the putative FLSA Class members) within the meaning of the Fair Labor Standards Act.  29 U.S.C. § 203(d). Defendants had the power to hire and fire Plaintiff Ramales (and the FLSA class members), controlled the terms and conditions of employment, and determined the rate and method of any compensation in exchange for his employment.

81.     At all times relevant to this action, Defendants engaged in commerce or in an industry or activity affecting commerce.

82.     Defendants constitute an enterprise within the meaning of the Fair Labor Standards Act.  29 U.S.C. § 203 (r-s).

83.     Defendants, in violation of 29 U.S.C. § 207 (a)(1) of the FLSA, failed to pay Plaintiff Ramales (and the FLSA Class members) overtime compensation at rates of one and one-half times the regular rate of pay for each hour worked in excess of forty hours in a workweek.

84.     Defendants' failure to pay Plaintiff Ramales (and the FLSA Class members) overtime compensation was willful within the meaning of 29 U.S.C. § 255(a).

85.     Plaintiff Ramales (and the FLSA Class members) were damaged in an amount to be determined at trial.

### THIRD CAUSE OF ACTION

### VIOLATION OF THE NEW YORK MINIMUM WAGE RATE

86.     Plaintiff Ramales repeats and realleges all paragraphs above as though fully set forth herein.

87.     At all times relevant to this action, Defendants were Plaintiff Ramales's employers within the meaning of the N.Y. Lab. Law §§ 2 and 651. Defendants had the power to hire and fire Plaintiff Ramales (and the FLSA Class members), controlled terms and conditions of employment, and determined the rates and methods of any compensation in exchange for employment.

88.     Defendants, in violation of NYLL § 652(1) and the supporting regulations of the New York State Department of Labor, paid Plaintiff Ramales (and the FLSA Class members) less than the minimum wage.

89.     Defendants' failure to pay Plaintiff Ramales (and the FLSA Class members) minimum wage was willful within the meaning of N.Y. Lab. Law § 663.

90.     Plaintiff Ramales (and the FLSA Class Members) were damaged in an amount to be determined at trial.

### FOURTH CAUSE OF ACTION

### VIOLATION OF THE OVERTIME PROVISIONS OF THE

### NEW YORK STATE LABOR LAW

91.     Plaintiff Ramales repeats and realleges all paragraphs above as though fully set forth herein.

92.     Defendants, in violation of N.Y. Lab. Law § 190 *et seq.* and supporting regulations of the New York State Department of Labor, failed to pay Plaintiff Ramales overtime compensation at rates of one and one-half times the regular rate of pay for each hour worked in excess of forty hours in a workweek.

93.     Defendants' failure to pay Plaintiff Ramales overtime compensation was willful within the meaning of N.Y. Lab. Law § 663.

94.     Plaintiff Ramales (and the FLSA class members) were damaged in an amount to be determined at trial.

## FIFTH CAUSE OF ACTION

### VIOLATION OF THE SPREAD OF HOURS WAGE ORDER
### OF THE NEW YORK COMISSIONER OF LABOR

95.     Plaintiff Ramales repeats and realleges all paragraphs above as though fully set forth herein.

96.     Defendants failed to pay Plaintiff Ramales one additional hour's pay at the basic minimum wage rate before allowances for each day Plaintiff Ramales's spread of hours exceeded ten hours in violation of NYLL §§ 190 *et seq.* and 650 *et seq.* and the wage order of the New York Commissioner of Labor codified at N.Y. COMP. CODES R. & REGS. Tit. 12, § 146-1.6.

97.     Defendants' failure to pay Plaintiff Ramales an additional hour's pay for each day Plaintiff Ramales's spread of hours exceeded ten hours was willful within the meaning of NYLL § 663.

98.     Plaintiff Ramales was damaged in an amount to be determined at trial.

## SIXTH CAUSE OF ACTION

### VIOLATION OF THE NOTICE AND RECORDKEEPING

### REQUIREMENTS OF THE NEW YORK LABOR LAW

99.     Plaintiff Ramales repeats and realleges all paragraphs above as though fully set forth herein.

100.    Defendants failed to provide Plaintiff Ramales with a written notice, in English and in Spanish (Plaintiff Ramales's primary language), of his rate of pay, regular pay day, and such other information as required by NYLL §195(1).

101.    Defendants are liable to Plaintiff Ramales in the amount of $5,000, together with costs and attorneys' fees.

## SEVENTH CAUSE OF ACTION

### VIOLATION OF THE WAGE STATEMENT PROVISIONS

### OF THE NEW YORK LABOR LAW

102.    Plaintiff Ramales repeats and realleges all paragraphs above as though set forth fully herein.

103.    Defendants did not provide Plaintiff Ramales with a statement of wages with each payment of wages, as required by NYLL 195(3).

104.    Defendants are liable to Plaintiff Ramales in the amount of $5,000, together with costs and attorneys' fees.

## EIGHTH CAUSE OF ACTION

### VIOLATION OF THE TIMELY PAYMENT PROVISIONS
### OF THE NEW YORK LABOR LAW

16

105.    Plaintiff Ramales repeats and realleges all paragraphs above as though set forth fully herein.

106.    Defendants did not pay Plaintiff Ramales on a regular weekly basis, in violation of NYLL §191.

107.    Defendants are liable to Plaintiff Ramales in an amount to be determined at trial.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Ramales respectfully request that this Court enter judgment against Defendants by:

(a)    Designating this action as a collective action and authorizing prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all putative class members, apprising them of the pendency of this action, and permitting them promptly to file consents to be plaintiffs in the FLSA claims in this action;

(b)    Declaring that Defendants violated the minimum wage provisions of, and associated rules and regulations under, the FLSA as to Plaintiff Ramales   and the FLSA class members;

(c)    Declaring that Defendants violated the overtime wage provisions of, and associated rules and regulations under, the FLSA as to Plaintiff Ramales and the FLSA class members;

(d)    Declaring that Defendants' violation of the provisions of the FLSA are willful as to Plaintiff Ramales and the FLSA class members;

(e)    Awarding Plaintiff Ramales and the FLSA class members damages for the

17

amount of unpaid minimum and overtime wages, and damages for any improper deductions or credits taken against wages under the FLSA, as applicable;

(f)     Awarding Plaintiff Ramales and the FLSA class members liquidated damages in an amount equal to 100% of his damages for the amount of unpaid minimum and overtime wages, and damages for any improper deductions or credits taken against wages under the FLSA as applicable pursuant to 29 U.S.C. § 216(b);

(g)     Declaring that Defendants violated the minimum wage provisions of, and rules and orders promulgated under, the NYLL as to Plaintiff Ramales and the members of the FLSA Class

(h)     Declaring that Defendants violated the overtime wage provisions of, and rules and orders promulgated under, the NYLL as to Plaintiff Ramales and the members of the FLSA Class;

(i)     Declaring that Defendants violated the Spread of Hours Wage Order of the New York Commission of Labor as to Plaintiff Ramales and the members of the FLSA Class;

(j)     Declaring that Defendants violated the timely payment provisions of the NYLL as to Plaintiff Ramales;

(k)     Declaring that Defendants violated the notice and recordkeeping requirements of the NYLL with respect to Plaintiff Ramales's compensation, hours, wages and any deductions or credits taken against wages;

(l)     Declaring that Defendants' violations of the New York Labor Law were willful as to Plaintiff Ramales and the FLSA Class members;

(m)    Awarding Plaintiff Ramales and the FLSA class members damages for the amount of unpaid minimum and overtime wages, damages for any improper deductions or

18

credits taken against wages as well as awarding spread of hours pay under the NYLL as applicable;

(n)     Awarding Plaintiff Ramales damages for Defendants' violation of the NYLL notice and recordkeeping provisions, pursuant to NYLL §§198(1-b), 198(1-d);

(o)     Awarding Plaintiff Ramales and the FLSA class members liquidated damages in an amount equal to one hundred percent (100%) of the minimum wage, spread of hours pay  and overtime compensation shown to be owed pursuant to NYLL § 663 as applicable;

(p)     Declaring that Defendants' violations of NYLL § 191 were willful as to Plaintiff Ramales and the FLSA class members;

(q)     Awarding Plaintiff Ramales and the FLSA class members pre-judgment and post-judgment interest as applicable;

(r)      Awarding Plaintiff Ramales and the FLSA class members the expenses incurred in this action, including costs and attorneys' fees;

(s)     Providing that if any amounts remain unpaid upon the expiration of ninety days following issuance of judgment, or ninety days after expiration of the time to appeal and no appeal is then pending, whichever is later, the total amount of judgment shall automatically increase by fifteen percent, as required by NYLL § 198(4); and

(t)     All such other and further relief as the Court deems just and proper.

## JURY DEMAND

Plaintiff Ramales demands a trial by jury on all issues triable by a jury.

Dated: New York, New York
        June 11, 2021

19

MICHAEL FAILLACE & ASSOCIATES, P.C.

      /s/ Michael Faillace
By:    Michael A. Faillace [MF-8436]
       60 East 42nd Street, Suite 4510
       New York, New York 10165
       (212) 317-1200
       *Attorneys for Plaintiff*

# MICHAEL FAILLACE & ASSOCIATES, P.C.

Employment and Litigation Attorneys

60 E 42nd Street, Suite 4510
New York, New York 10165

Telephone: (212) 317-1200
Facsimile: (212) 317-1620

Faillace@employmentcompliance.com

May 20, 2021

BY HAND

TO:    Clerk of Court,

I hereby consent to join this lawsuit as a party plaintiff. **(Yo, por medio de este documento, doy mi consentimiento para formar parte de la demanda como uno de los demandantes.)**

Name / Nombre:                     Marcos Ramales
Legal Representative / Abogado:    Michael Faillace & Associates, P.C.

Signature / Firma:                 *Marcos Ramales*

Date / Fecha:                      20 de Mayo 2021

*Certified as a minority-owned business in the State of New York*